

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00064-CR

DANNY CLAYTON LEE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 47209-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Danny Clayton Lee entered an open plea of guilty to intoxication manslaughter and was sentenced to nine years' imprisonment. On appeal, Lee argues that the trial court abused its discretion in denying his motion for new trial.[1] Because we disagree, we affirm the trial court's judgment.

Lee's motion for new trial was based on the alleged discovery of new evidence. TEX. CODE CRIM. PROC. ANN. art. 40.001. Article 40.001 "motions are generally disfavored by the courts and viewed with great caution." *Fox v. State*, 175 S.W.3d 475, 484 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Lewis v. State*, 126 S.W.3d 572, 579 (Tex. App.—Texarkana 2004, pet. ref'd)). We review the denial of a motion for new trial for abuse of discretion. *Grantham v. State*, 116 S.W.3d 136, 145 (Tex. App.—Tyler 2003, pet. ref'd); *Schoenbauer v. State*, 85 S.W.3d 400, 402 (Tex. App.—Tyler 2002, no pet.) (citing *Salazar v. State*, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001)); *see Duke v. State*, 365 S.W.3d 722, 728 (Tex. App.—Texarkana 2012, pet. ref'd). "A trial court does not abuse its discretion in denying a motion for new trial unless the record demonstrates that . . . the new evidence is probably true and will probably bring about a different result in a new trial." *Fox*, 175 S.W.3d at 484. "In considering a motion for new trial, the trial court possesses broad discretion in assessing credibility of witnesses and in weighing the evidence to determine if a different result would occur upon retrial." *Schoenbauer*, 85 S.W.3d at 400 (citing *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995)).

---

[1] Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Twelfth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

Lee's intoxication caused Benjamin Murphy's death. His offense was punishable "for any term of not more than 20 years or less than 2 years." *See* TEX. PENAL CODE ANN. §§ 12.33, 49.08(b). Because he had not been previously convicted of a felony offense, Lee filed an application for community supervision. According to Lee, he was unable to reach a plea bargain agreement because the State represented that Murphy's family "was opposed to any discussions related to probation." During punishment, Murphy's older brother, Reuben Murphy, testified on behalf of the family about the impact of Lee's actions. Although Reuben did not express what sentence the family found appropriate for Lee's crime, the State argued, "[W]hat I can tell you is the punishment range is not high enough for [the family]." After hearing from several witnesses who testified in Lee's favor, the trial court assessed a nine-year sentence.

In his motion for new trial, Lee argued that he discovered new evidence that could have impacted the plea negotiations. Lee's motion stated that Jackton Roberts, a person who Lee believed was Murphy's brother, agreed to help Lee challenge his sentence if Lee, a contractor, would put a new roof on his home. Lee argued that, due to Roberts' desire to help him, Reuben did not speak for all family members in declining to permit the State to offer a plea bargain involving community supervision.

The State's verified response to Lee's motion for new trial argued that Roberts was only a family friend and had no relation to Murphy. After a hearing, in which Lee failed to rebut the State's proof that Roberts was not related to Murphy, the trial court denied Lee's motion for new trial. The trial court's order found that the newly discovered evidence would not have changed Lee's sentence.

On appeal, Lee does not argue that Roberts was Murphy's brother, but instead writes that Roberts "represented himself to be a family member of the victim." He argues that the trial court abused its discretion in overruling the motion for new trial because it was "possible that Jackton Roberts' testimony may have had an effect on the plea negotiations, or that Mr. Roberts was attempting to gain a benefit when he had nothing to offer to Mr. Lee."

Here, the trial court was free to find that Roberts was not related to Murphy, and there was no evidence that Roberts would have recommended community supervision as opposed to a lighter sentence. Even if it had assumed that the assertions in Lee's motion for new trial were true, the trial court could have found that nothing suggested Roberts' opinion would cause the rest of Murphy's family to consider permitting the State to offer a plea agreement involving community supervision. Also, in light of the many witnesses that testified in Lee's favor and his mid-range sentence, the trial court could have concluded that Roberts' testimony at trial would not yield a different sentence. In sum, we find no abuse of discretion in the trial court's decision to overrule Lee's motion for new trial.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice


Date Submitted:    September 10, 2019
Date Decided:      September 11, 2019

Do Not Publish

4